**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>**ACTIONTEC ELECTRONICS, INC.,** )<br>    Defendant. ) | **Civil Action No. 6:23-cv-00139**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Plaintiff" or "Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,147,299 ("the '299 patent") and U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patents-in-Suit") by Actiontec Electronics, Inc. ("Defendant" or "Actiontec").

**I.   THE PARTIES**

1.   Plantiff is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of the State of CA, with a regular and established place of business located at 2445 Augustine Dr, Suite 501, Santa Clara, CA 95054. On information and belief, Defendant employs local engineers and managers in the Western District of Texas. Defendant stores property in the Western District of Texas, at least in the homes of Defendant's employees. Defendant continuously maintains a physical presence in the Western District of Texas. See Exhibit E.

3.   On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that

1

perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, Incyourbiz Corp., 221 N Broad St., Middletown, New Castle, DE 19709, at its place of business, or anywhere else it may be found.

## II.   JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   INFRINGEMENT

### A.  Infringement of the '299 Patent

7. On September 29, 2015, U.S. Patent No. 9,147,299 ("the '299 patent", included as Exhibit A and part of this complaint) entitled "Systems, methods and apparatuses for brokering data

between wireless devices, servers and data rendering devices" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '299 patent by assignment.

8. The '299 patent relates to novel and improved systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices.

9. Defendant maintains, operates, and administers systems, products, and services that performs a method that infringes one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '299 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the the chart attached as exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) such as to cause infringement of one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '299 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) and related services such as to cause infringement of one or more of claims 1-6 of the '299 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '299 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '299 patent.

### B. Infringement of the '285 Patent

14. On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", included as Exhibit C and part of this complaint) entitled "Systems, methods and apparatuses for brokering data between wireless devices, servers and data rendering devices" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '285 patent by assignment.

15. The '285 patent relates to novel and improved systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices.

16. Defendant maintains, operates, and administers systems, products, and services that performs a method that infringes one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

(i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17. Support for the allegations of infringement may be found in the the chart attached as exhibit D. These allegations of infringement are preliminary and are therefore subject to change.

18. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least the filing date of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

19. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., use and management of data retrieved over wireless networks) and related services such as to cause infringement of one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '285 patent and the technology underlying it from at least the filing date of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

---

[3] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

20. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '285 patent.

### IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the patents-in-suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: January 25, 2023              Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for ORTIZ & ASSOCIATES CONSULTING, LLC.*

7